Kunkle, J.
 

 In the trial of this ease the lower court, after ordering the payment of costs, distributed the remainder of a certain fund among the following attorneys, namely: Cyrus Huling, Cyrus Huling, as assignee of Frank Davis; Joseph H. Dyer, as executor, and Gilbert H. Stewart.
 

 The entry, after fixing the amounts to be paid to each of said persons, provided that such amounts should be paid “Or such proportion of such amounts as the respective claims bear to the total fund herein ordered to be paid to the clerk of this court, after the payment of the costs and expenses herein ordered, and if, after the payment of said costs and expenses and the claims of said plaintiff, Cyrus Huling and the defendants, Gilbert H. Stewart and Jos. H. Dyer, executor, as herein ordered, there remains any balance in said fund, the same shall be paid to the defendant, John M. Walcutt.”
 

 The court found that the legal services rendered by the above-named attorneys were reasonably worth the amounts so found
 
 *233
 
 due such attorneys, and such sums were declared a lien upon the said fund then in the hands of the court, which fund was realized from the collection of a judgment against the city df Columbus in favor of John M. Walcutt, plaintiff in error. This judgment was obtained through the efforts of the above-named attorneys.
 

 Plaintiff in error seeks a reversal of the findings and order of the lower court. Various errors are assigned. Counsel for plaintiff in error, among other things, claims that the allowances made for attorneys’ fees are excessive; that the lower court had no authority to refer the ease to a master commissioner; that the plaintiff in error was entitled to a trial by jury, and that Gilbert H. Stewart and the estate of Judge Eli P. Evans were neither necessary nor proper parties to the proceeding.
 

 When the case was referred to the master Mr. Walcutt did not appear, either in person or by attorney, for the purpose of introducing evidence or cross-examining the witnesses. .
 

 We have examined the bill of exceptions, but shall not attempt to discuss the evidence in detail. It is sufficient to say that whatever view we might entertain as to the total amount of attorneys’ fees which should have been allowed, we could not make any modification of such allowances which would be based upon the evidence. The evidence justifies the allowances made by. the lower court. As above suggested, if we should make any modification in such allowances the same would not be based upon the evidence, but would merely represent our notion of the total allowance which should have been made in such case. We would not be justified in so doing.
 

 Was the plaintiff in error entitled to a trial by jury? If so, then the case should not have been referred to a master; if not, then the court had authority to refer the case to a master.
 

 The original petition of the plaintiff below, filed July 12, 1911, sought to recover a personal judgment against Mr. Walcutt in the sum of $10,000 for legal services, and also asked that the city of Columbus be enjoined from paying the amount due on the judgment in question to defendant Walcutt.
 

 Under the original petition either party would have been entitled to a trial by jury.
 

 
 *234
 
 On September 11 plaintiff below filed an amended petition, in which he changed his cause of action against the defendant Walcutt. 'The prayer of the amended petition is as follows:
 

 “Wherefore, plaintiff prays that the court on final hearing hereof hx and determine the amount of the reasonable compensation of plaintiff for his services as set forth in his nrst cause of action Herein at the sum of ten thousand dollars ($10,000), or such other sum as to the court may seem just and proper, with interest from the 12th day of July, 1911, and decree and order that such sum so found by the court be and operate as a lien upon the fund and proceeds of said judgment, and order the same to be paid to plaintiff out of said fund. And that the court fix and determine the amount of the reasonable compensation of the said Frank A. Davis for his services as attorney in said cause as set forth in the said second cause of action herein at the sum of five thousand dollars ($5,000), or such other sum as to this court seems to be just and proper, with interest from the 19th day of July, 1911; and decree and order such sum so found by the court to be and operate as a lien upon the fund and proceeds of said judgment; and that the court order the same to be paid to plaintiff out of said fund. And that a temporary restraining order issue, restraining said city of Columbus from paying the proceeds of said judgment to said John M. Walcutt, and restraining said John M. Walcutt from receiving the proceeds of said judgment pending proceedings herein; and for all further relief to which in equity plaintiff is entitled.”
 

 On September 30 defendant Walcutt filed an answer to the amended petition. On December 5 Gilbert H. Stewart filed an amended cross-petition, and on December 6 Joseph Ii. Dyer, executor, filed a cross-petition. These cross-petitions sought the same form of relief as was asked in the amended petition of Mr. Huiing. The case below was, therefore, tried upon the amended petition of Mr. Huiing, the amended cross-petition of Gilbert H. Stewart, the cross-petition of Mr. Dyer, executor, and the answers thereto of the defendant Walcutt.
 

 The plaintiff below in an action at law could recover a money judgment against Walcutt for the value of his services or he could bring an action in equity to enforce his lien against the judgment in question.
 

 
 *235
 
 Under the amended petition and the answer thereto we think the issues raised and presented to the court were of an equitable nature. The issues so raised related to the right of the plaintiff below to engraft a lien on the judgment in question for such amount as the court found was equal to the reasonable value of his services. If we are correct in this conclusion then the case was triable to a court and not to a jury.
 

 The decisions of our Supreme Court do not in words hold that an attorney has a lien upon a judgment which was secured through his efforts, but we are unable to reconcile certain decisions of our Supreme Court except upon the theory that that court recognizes the existence of such a lien. See
 
 Reece
 
 v.
 
 Kyle,
 
 49 Ohio St., 475, at page 480:
 

 “Reece had an unsatisfied claim for fees in obtaining a judgment for McMillan. His relation as attorney, as to that judgment, had not terminated. His claim gave him an equitable interest in the judgment, and a lien upon it.” See also
 
 Diehl
 
 v.
 
 Friester,
 
 37 Ohio St., 473.
 

 A very complete statement of the interest which an attorney has in a judgment which was secured through his efforts is found in the notes to the case of
 
 Manna
 
 v.
 
 Island Coal Company,
 
 reported in 51 American State Reports, pages 257 and 258:
 

 “Besides the general or retaining lien which an attorney has upon papers, books, documents, money and other property in his possession, to secure his professional compensation he has what is called, for want of a better name, a particular or charging, lien upon a judgment procured by him for his client. This right to recover for his services in obtaining a judgment for his client is called a lien, in the broad sense of the term, although it does not depend upon possession, but rests merely on the equity of the attorney to be paid his fees and disbursements out of the judgment which he has obtained. It is considered reasonable and proper that an attorney, by whose labor and at whose expense a judgment has been obtained for his client, should have an interest in that judgment which the law will regard and protect. An eminent judge once said ‘that the convenience, good sense and justice .of the thing required it.’ So, while we talk of an attorney having a lien upon a judgment,
 
 *236
 
 it is, in fact, only a claim or right to ask for the intervention of the court for his protection, when, having obtained a judgment for his client, he finds that there is a probabality of the client depriving him of his interest in the fruits of that judgment. The lien of an attorney upon a judgment is an equitable lien, and is upheld simply upon the theory that his services and skill produced it. This seems to be the only ground upon which this lien has ever been put. Little is known of its origin, but the principle has long been recognized that a ‘party should not run away with the fruits of the cause without satisfying the legal demands of his attorney by whose industry, and, and in many instances, at whose expense, those fruits are obtained.’ ”
 

 The syllabus in the case of
 
 McKelvy’s and Sterrett’s Appeals,
 
 108 Pa. St., 615, is as follows:
 

 “1. An attorney has a lien for his services only upon a fund or upon papers which he actually has in his possession. But where a fund is brought into a court of equity hy the services of an attorney, who looks to that alone for compensation, though his interest is not of the nature of a lien, he is the equitable owner thereof to the extent of the value of his services, and the court administering the fund will intervene for his protection, and award him a reasonable compensation therefrom.
 

 “2. The court may in such case determine itself, or through an auditor, what is a reasonable fee, without referring the matter to a jury.”
 

 See also 4 Cye., 1005:
 

 “The charging lien of an attorney is an equitable right to be paid for his services out of the proceeds of the judgment obtained by his labor and skill. ’To the extent of such services he is regarded as an equitable assignee of the judgment.”
 

 We also think Mr. Stewart and Mr. Dyer, as executor, were proper parties. They claimed an interest in and a lien upon this fund. The amounts claimed by Mr. Huling, individually and as assignee of Mr. Davis, Judge Stewart and Mr. Dyer, as executor, exceeded the total amount of the fund in the hands of the court. Each of the parties claimed a lien upon this fund on account of legal services rendered in creating the fund. We think they were proper parties, not only for the purpose of de» termining the amount of their respective claims but also the
 
 *237
 
 priorities thereof, if any priorities existed, and the ratio of distribution in the event the claims as allowed exceeded the fund and were found valid liens thereon.
 

 We think the distribution made by the lower court was correct, namely, that there should be paid “Such proportion of said amounts to the said Huling, Stewart, and Dyer, executor, as their respective claims bear to the total fund herein ordered to be paid to the clerk of the court.”
 

 We find no prejudicial error in the record, and the judgment of the lower court will be affirmed.
 

 Judgment affirmed.
 

 Allread, J., and Ferneding, J., concur.