Kinkead, J.
The submission is upon motion by defendant to dissolve a restraining order, and an application by plaintiff for the appointment of a receiver for funds now in the hands of W. and the Aetna Life Insurance Company.
The petition by plaintiff alleges that he recovered a judgment in the municipal court against Emmett; that Emmett had a claim for compensation by the Industrial commission in the sum of $860, to be paid by the Aetna Life Insurance Company.
Plaintiff’s claim is for attorney’s fees in prosecution of such claim, the balance due (after payments) being $169.83.
Emmett executed a power of attorney and assignment of the sum granted him by the Industrial Commission to W., empowering the latter to draw the installments as they become due. It is claimed that such assignment operates as a fraud upon plaintiff.
The relief sought by the prayer of the petition is:
1st. A temporary restraining order against W. and the Aetna Insurance Company from making payments to W.
2d. For the appointment of a receiver to collect the money from W., as well as from the Aetna Life Insurance Company, or so much of the award to Emmett as will be sufficient to pay plaintiff’s judgment.
Unless a party has some interest or lien upon a particular fund he can not apply for a receiver of it and a marshalling of claims thereto. Drago v. Prosser, 17 C.C.(N.S.), 39.
Allegation is made in plaintiff’s petition that the sum of $169.-83 claimed by him as the balance due on the judgment represents the balance due him under his contract in representing him in the prosecution of the claim before the Industrial Commission.
This branch of the court held in Huling v. Columbus, 13 N.P.(N.S.), 408, that an attorney acquires an equitable lien on the proceeds of a judgment recovered through his efforts in favor of his client. Affirmed by Court of Appeals in Walcutt v. Huling, 27 O. C. A., 232; 5 Oh. App. Ct., 326.
However, notwithstanding this rule th'ere are two other questions that arise under the conditions here presented:
1. Does the lien of the attorney cease to operate upon the *427 fund produced by his service when merged in a judgment therefor ?
2. Does the lien of an attorney attach to such a fund as that involved in this ease ?
The sum of $215.11, now in the hands of defendant W., represents part of the fund ordered by the Industrial Commission to be paid by the employer of Emmett who had not come in under the compensation law, but who nevertheless was required to be paid 'by such employer, but which is being in fact paid by an Insurance Company.
It is claimed that the fund can not be reached for the reason that by Section 1465-88 of the Industrial act it is provided that:
“Compensation before payments shall be exempt from all claims of creditors and from any attachment or execution, and shall be paid only to such employees or their dependents.”
The final conclusions reached are that the lien of an attorney upon a fund produced by his services would not become extinguished by its merger in a judgment in a municipal court, and might follow and become affixed to the fund where it had been placed in trust in the hands of a third person.
In such case the claim of attorney’s lien under the doctrine of Drago v. Prosser, supra, would in general form the basis for such action as the present one in which the lien might be enforced, and a receiver appointed as prayed for by plaintiff.
But the fact that differentiates this case from general doctrines concerning this subject is the provision of the compensation act that the compensation before payment is exempt from all claims or creditors and from any attachment or execution, and shall be paid only to such employees or their dependents. Section 1465-88.
By positive provision of statute, therefore, the fund arising from an allowance by the Industrial Commission under the workmen’s compensation law is specifically made exempt from the common law lien of an attorney upon a fund produced by his services.
It therefore follows that plaintiff has no lien upon the fund in defendant W. ’s • hands. The result of the foregoing clear legal conceptions must be that as plaintiff had no claim of attorney’s lien upon the fund, his action must fail. This must *428 be so because plaintiff could only have claimed that his petition had stated a legal cause of action entitling him .to relief upon the theory that he had a common law lien, and had brought himself within the rule of Drago v. Prosser, supra, whereby he might pursue the fund produced by his services and thereby equitably impress upon it his equitable lien, in which case his cause of action would be one in equitable enforcement of.his lien.
The conclusion therefore is that plaintiff has failed to state a cause of action, that the restraining order heretofore allowed should be dissolved, and the prayer of his petition be denied.