## TRUMAN *v.* THE 'COGHLIN MACHINERY & SUPPLY CO. ET AL.

*Corporations — Directors — Uberrima fides — Interlocking director-ates — Validity of transactions between corporations — Suit by stockholder — Allowance of attorney fees.*

1. Directors of a corporation must deal with it in the utmost good. faith, and when two corporations have a majority of directors in common, transactions between them are subject to scrutiny and are sustained only if they are fair and made in good faith.
2. Such transactions are not illegal if the terms are fair. ˙
3. When a stockholder brings suit on behalf of the corporation, and thereby brings a fund to it, the court may order his attorney fees paid from such fund.

(Decided June 30, 1919.)

APPEAL:  Court of Appeals for Lucas county.

*Mr. Rupert Holland* and *Mr. John O. Zabel,* for plaintiff.

*Messrs. Fritsche, Kruse & Winchester* and *Mr. Alex. L. Smith,* for defendants.

SHOHL, P. J.  This case is here on appeal. Plaintiff, a stockholder in The Francis Machinery Company, brought this action on its behalf against The Coghlin Machinery & Supply Company, and William Coghlin and James A. Kirkby, its principal officers.  Truman originally had a one-half interest in The Toledo Auto Tool Company.  Defendant Coghlin was president, general manager, treasurer and the chief stockholder of The Coghlin Machinery & Supply Company, a corporation engaged in selling tools and supplies.  Kirkby was also an officer, and they and their wives were all the stockholders.

Among their customers was The Foster Machine Company of Elkhart, Indiana. In 1915 Mr. Coghlin was at Elkhart, when The Foster Machine Company wanted to have him manufacture for them certain box tools which they needed, stating that they were willing to pay 87½% of their list price. Coghlin then returned to Toledo and took the matter up with Truman and others. There is a conflict of testimony as to the precise agreement between them. The court finds that in substance there was a verbal contract between the Coghlin and Truman companies for 100 of these box tools.

Truman was associated with one Rakestraw, and thereafter Coghlin acquired Rakestraw's interest in The Auto Tool Company. Truman then sold him 10 shares more, 5 of which he gave to Kirkby, so that the plaintiff had 40% of the stock, Kirkby 5% and Coghlin 55%.

The Auto Tool Company was annoyed by claims that were being made against it, so it was decided to incorporate a new company. Accordingly The Francis Machinery Company was incorporated under the laws of Ohio, and it purchased all the assets of The Toledo Auto Tool Company, which ceased to do business. There is nothing in the corporate records of The Francis Machinery Company that establishes that it assumed the obligation of The Auto Tool Company in respect to the agreement to manufacture the box tools for the Coghlin company. Coghlin became president, general manager and treasurer of The Francis Machinery Company, as well as director, elected a majority of the directors, and was thus the controlling factor in that concern as well as in the Coghlin company.

The business was carried on for eight months and tools were manufactured under the direction of Truman, the plaintiff, who was a practical machine tool manufacturer. They were taken to the Coghlin company and billed to it on the basis of the original figures given by Truman to Coghlin at the outset of the whole transaction, about January 12, 1916. Truman received a drawing account of $31.25 a week. The company made certain profits, aggregating about $6,000, which were declared in dividends. The Coghlin company, however, was making large profits, which the record shows aggregated over $27,000, by the sale of the product to the Foster company and others. When Truman learned of the large profits that were being made, he demanded that The Francis Machinery Company be given an accounting for them, which was denied.

A chattel mortgage in the sum of $5,398.11 was given by the defendants for The Francis Machinery Company to The Coghlin Machinery & Supply Company to secure the purchase price of certain machinery. They then procured the ratification of this action by the Francis company through their control of it. Ultimately a sale was had and the Coghlin company bought in the mortgaged property for $3,000.

Plaintiff made due demand upon the directors of The Francis Machinery Company, and, failing to secure corporate action, brought suit on its behalf.

It is elementary that the directors owe their corporations the duty of dealing with them in the utmost good faith. (*Thomas* v. *Matthews*, 94 Ohio St., 32, 43.) And where two corporations

have a majority of their directors in common, transactions between them are subject to scrutiny, and are sustained only if they are fair and made in good faith. *McGourkey* v. *Toledo & Ohio Central Ry. Co.*, 146 U. S., 536, 552; *Wardell* v. *Railroad Co.*, 103 U. S., 651, 658; 3 Cook on Corporations (7 ed.), Section 658, and 2 Thompson on Corporations (2 ed.), Section 1242. See also 2 Machen on Corporations, Sections 1563-1606.

The dominant position which the director William Coghlin occupied toward both of the corporations imposed upon him the obligation to see that The Francis Machinery Company was treated fairly in the dealings with his other company.

It is true that at the time the original contract was made between the Coghlin company and The Toledo Auto Tool company, he had no connection with the latter. However, most of the merchandise was sold after he had acquired his interest and had become a director in the Francis company. That corporation was intended to be and was a distinct legal entity from the Auto Tool company, the assets of which it purchased. So far as the record shows it did not assume its obligations. If it did assume the obligation to fulfill the contract, it was only by virtue of some action taken after Coghlin acquired control and when his duty to protect it had already arisen by operation of law. There is no foundation whatever for a claim that the Francis company was obligated to sell any tools after the 100 of each type called for by the oral contract of the Auto Tool company. As to all later sales it stands admitted that Coghlin controlled both parties.

Plaintiff contends that it is entitled to all of the profits made. As to the $4,990 worth of tools delivered by The Toledo Auto Tool Company prior to April 17, 1916, when The Francis Machinery Company began to do business, plaintiff is not entitled to relief. Furthermore, plaintiff's contention overlooks the fact that it was The Coghlin Machinery & Supply Company that procured the agreement with the customer and carried out all negotiations with it. The transactions were not sales by The Francis Machinery Company to The Foster Machine Company, but were purchases by The Coghlin Machinery & Supply Company of goods to be sold at a profit to the Foster company. There is nothing necessarily illegal in a purchase by The Coghlin Machinery & Supply Company from The Francis Machinery Company, provided that the prices were fair.

We are of opinion, therefore, that The Coghlin Machinery & Supply Company is not without right with respect to the profits that accrued in the transaction. Upon consideration of all the evidence, facts and circumstances, the court finds that The Coghlin Machinery & Supply Company and The Francis Machinery Company are each entitled to one-half of the profits accruing out of the business in question after April 17, 1916. It follows, therefore, that, at the time the chattel mortgage was given, The Francis Machinery Company was entitled to substantial credits, which had not been allowed it, and that the mortgage and sale pursuant thereto should be set aside.

Defendants have stated their willingness to account for the value of everything which was realized

out of the liquidation of The Francis Machinery Company, and when this is carried out the proper result will be accomplished.

The plaintiff, therefore, is entitled to an accounting between The Francis Machinery Company and The Coghlin Machinery & Supply Company to ascertain the amount of profit made by both concerns in their transactions. One-half of the profits will be awarded to each.

In cases of this kind, plaintiff having procured a fund for The Francis Machinery Company, it is proper that an attorney fee should be allowed him to defray his expenses of litigation, which said fee should be paid by The Francis Machinery Company. (Cook on Corporations, Sections 748, 879.) The court will reserve jurisdiction to fix the amount on further hearing.

In view of the fullness of the evidence in respect to the profits made, if counsel can arrive at an agreement in respect to the results, it will not be necessary to appoint a master to take an accounting. If counsel are unable to agree, each side may present such entry as accords with its views, based upon this opinion.

*Judgment accordingly.*

HAMILTON and CUSHING, JJ., concur.

Judges of the First Appellate District, sitting in place of Judges KINKADE, RICHARDS and CHITTENDEN of the Sixth Appellate District.