[Cite as *Galloway v. Galloway*, 2017-Ohio-87.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103837**

## MARK GALLOWAY

PLAINTIFF-APPELLANT

vs.

## MICHAEL GALLOWAY, INDIVIDUALLY AND AS TRUSTEE, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Probate Division
Case No. 2014 ADV 196672

**BEFORE:** Keough, A.J., E.A. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** January 12, 2017

**ATTORNEY FOR APPELLANT**

Kevin T. Roberts
The Roberts Law Firm
7622 Columbia Road
Olmsted Falls, Ohio 44138


**ATTORNEYS FOR APPELLEE**

David G. Finley
Finley & Company, L.P.A.
1701 East 12th Street, #108
Cleveland, Ohio 44114

Adam M. Fried
Adriann S. McGee
Reminger Co., L.P.A.
1400 Midland Building
101 Prospect Avenue, West
Cleveland, Ohio 44115

KATHLEEN ANN KEOUGH, A.J.:

**{¶1}** Appellant, Mark Galloway ("Galloway"), appeals from the probate court's judgment entry granting the motion to enforce a charging lien filed by Reminger Co., L.P.A. ("Reminger"). For the reasons that follow, we affirm.

**{¶2}** Reminger was retained by Galloway to represent him in a trust dispute involving his father's trust. This representation consisted of filing an action to set aside the amendment to his father's trust, seek declaratory relief, request removal of the trustee, request an accounting, and other relief. The attorney-client relationship expanded when related lawsuits were filed against Galloway challenging his inheritance of real property from another family member. Ultimately, Reminger negotiated a settlement wherein Galloway obtained title to two parcels of land that were held in the name of his father's trust while retaining the real property that he already owned. Following the favorable result to Galloway and his nonpayment of legal fees, Reminger filed a charging lien on the real property in the amount of $112,665.08. Galloway opposed the motion for the lien contending that Reminger had a legal remedy for breach of contract and that a charging lien could not be placed on real property.

**{¶3}** Following an evidentiary hearing, the probate court entered judgment in favor of Reminger, finding that because Reminger obtained the favorable resolution Galloway specifically sought, nothing prohibited the allowance of a charging lien on real property. The trial court found that allowing the charging lien is equitable and necessary due to the failure of Galloway paying Reminger's fees. Accordingly, the court ordered that the

attorney fees and expenses in the amount of $112,665.08 be enforced by a charging lien to be paid out of the proceeds of the sale of the real property.

{¶4} Galloway now appeals, raising five assignments of error, each pertaining to the probate court granting Reminger's request for a charging lien on the real property judgment. No argument is raised challenging the reasonableness of Reminger's outstanding and unpaid attorney fees.

## I. Subject Matter Jurisdiction

{¶5} In his first assignment of error, Galloway contends that the probate court lacked subject matter jurisdiction to hear a collection action between a law firm and its client, where the fees were not being paid by a trust, estate, or other party over whom the court has original and exclusive jurisdiction.

{¶6} Probate courts are courts of limited jurisdiction and probate proceedings are limited to such actions as are permitted by statute and the Ohio Constitution. *Corron v. Corron*, 40 Ohio St.3d 75, 531 N.E.2d 708 (1988). A probate court has concurrent jurisdiction with, and the same powers at law and in equity as, the general division of the court of common pleas * * * to hear and determine "any action that involves an inter vivos trust." R.C. 2101.24(B)(1)(b).

{¶7} In this case, the probate court's jurisdiction over the underlying action regarding the Revocable Living Trust of William Galloway ("Trust") was within the probate court's concurrent jurisdiction pursuant to R.C. 2101.24(B)(1)(b). Accordingly,

the probate court was within its jurisdiction when it entered a judgment in favor of Galloway that he obtain the two properties under the Trust.

{¶8} Subsequently, when Reminger moved for an attorney charging lien on that judgment award to Galloway, the motion invoked the probate court's plenary power jurisdiction to consider all matters pertaining to its jurisdiction of this case. Pursuant to R.C. 2101.24(C), "the probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute."

> A probate court's plenary power or jurisdiction authorizes probate courts to exercise full and complete jurisdiction over the subject matter as well as the parties to a controversy. *See Wolfrum* [*v. Wolfrum*, 2 Ohio St.2d 237, 208 N.E.2d 537 (1965)], paragraph one of syllabus; *see also Black's Law Dictionary* [1039 (5th Ed.1979)]. Plenary power is defined as "authority and power as broad as is required in a given case." *Black's Law Dictionary* [at *id*.]. Thus, the probate courts have broad authority and power as is required to exercise full and complete jurisdiction over the subject matter.

*Goff v. Ameritrust Co., NA*, 8th Dist. Cuyahoga No. 65196, 1994 Ohio App. LEXIS 1916, *16-17 (May 5, 1994).

{¶9} Relevant to the issue of attorney charging liens,

> "[u]ntil a judgment is fully executed, the court retains jurisdiction of the subject matter and the parties for the purpose of hearing any motion affecting such judgment, and if the attorney desires to have his lien established and declared against such judgment, he may apply to the court for that purpose. * * * An attorney's lien is enforceable through the control the courts have of their judgments and records, and by means of their own process."

*Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*,72 Ohio App.3d 205, 209, 594 N.E.2d 146 (6th Dist.1991), quoting *Babin v. Royal Indemn. Co.*, 28 Ohio N.P.(n.s.) 148, 153, 1930 Ohio Misc. LEXIS 1211 (June 16, 1930).

{¶10} Additionally, "where the parties are not strangers to the suit, ' * * * the compensation of the plaintiffs should be worked out by application to the court holding the fund, and in which the services were rendered.'" *Fire Protection* at 210, quoting *Olds v. Tucker*, 35 Ohio St. 581, 584 (1880). Additionally, it is "significant that ' * * * the amount was in some degree to be determined by the judge before whom the services were rendered, from his own knowledge of their value.'" *Fire Protection* at *id.*, quoting *Diehl v. Friester*, 37 Ohio St. 473, 478 (1882).

{¶11} In *Fire Protection*, the Sixth District set forth the primary considerations Ohio courts review when confronted with charging liens:

> (1) the right of the client to be heard on the merits; (2) the right of an attorney to invoke the equitable jurisdiction of the courts to protect his fee for services rendered; (3) the elimination of unnecessary and duplicative litigation; (4) the opportunity for the client to obtain counsel to litigate the claim for attorney fees; (5) the propriety of an order as opposed to a judgment; (6) a forum for the presentation of witnesses, if necessary; and (7) the equitable nature of the proceeding.

*Id*. at ¶ 210-211. After weighing those considerations, the court ultimately concluded that:

> a motion to declare and enforce an attorney's charging lien on the proceeds of judgment must be entertained by the court in the action in which the judgment was rendered when, * * * (1) the client against whom such motion is filed has been given an opportunity to obtain new counsel; and (2) there is a final judgment in the case which the claiming attorney helped secure by his services in that litigation or incident to that litigation.

*Id.* at 211.

{¶12} Applying those considerations to the facts in this case, the parties involved were not strangers to the underlying lawsuit; the probate court had knowledge of the value of the services rendered by Reminger to Galloway because the court presided over the underlying Trust dispute. Additionally, Galloway retained new counsel following Reminger's withdrawal for the purpose of opposing the charging lien. Finally, the record supports the conclusion that Reminger's representation helped secure the judgment obtained in the underlying trust dispute. Accordingly, the probate court was the appropriate jurisdiction to consider Reminger's motion for a charging lien; any other forum would only cause unnecessary and duplicative litigation.

{¶13} Galloway further contends that Reminger was not a party to the probate action because the firm had already withdrawn as counsel for Galloway and did not seek to intervene in the action. However, being a party to the action is not a prerequisite for obtaining an charging lien on the judgment. *Cuyahoga Cty. Bd. Of Commrs. v. Maloof Properties, Ltd.*, 197 Ohio App.3d 712, 2012-Ohio-470, 968 N.E.2d 602, ¶ 20 (8th Dist.). In *Maloof*, this court reiterated that a party's former attorney is permitted to intervene in an action in order to pursue a charging lien, but also a law firm is permitted to assert a charging lien merely upon a motion. *Id.*; *see also First Bank of Marietta v. Roslovic & Partners, Inc.*, 10th Dist. Franklin Nos. 03AP-332 and 03AP-333, 2004-Ohio-2717, ¶ 44; *Mathews v. E. Pike Local School Dist. Bd. Of Edn.*, 4th Dist. Pike No. 12CA832, 2013-Ohio-4438, ¶ 22; *Babin* at 153 ("the attorney's lien upon a judgment may be

established and enforced upon an application to the court in the case wherein the judgment was rendered, and although it is sometimes held that this lien may be enforced in an independent action by the attorney, yet ordinarily a motion in the cause is the proper remedy").

{¶14} In this case, Reminger's status as a nonparty to the underlying lawsuit was irrelevant where Reminger sought the lien through a motion. The trial court's decision to proceed on the motion rather than have Reminger intervene as a party to the lawsuit was not an abuse of discretion.

{¶15} Accordingly, we find no error in the probate court exercising jurisdiction over Reminger's motion for a charging lien; the probate court properly had jurisdiction through its plenary power to consider such request. The first assignment of error is overruled.

## II.   Charging Lien Obtained from Hourly Fee Agreement

{¶16} In his second assignment of error, Galloway contends that the trial court erred in allowing a charging lien to collect the overdue balance on a written hourly fee agreement. Specifically, Galloway contends a charging lien is only allowable when a contingency fee agreement or some other express agreement to a lien exists. We disagree.

{¶17} "Ohio recognizes two types of attorney liens: (1) general, or retaining liens, and (2) special, or charging liens." *Putnam v. Hogan*, 122 Ohio App.3d 351, 353, 701 N.E.2d 774 (10th Dist.1997), citing *Fire Protection* at 209. An attorney may have a

special or charging lien upon a judgment, decree, or award obtained for a client. *Putnam* at 354, citing *Mancino v. Lakewood*, 36 Ohio App.3d 219, 223-224, 523 N.E.2d 332 (8th Dist.1987); "'An attorney of record who has obtained a judgment has a security interest therein, as security for his fees in the case and for proper payments made and liabilities incurred during the course of proceedings.'" *Maloof Properties* at ¶ 13, quoting 2 Restatement of Law 2d, Agency Section 424(e) (1958).

{¶18} In *Mancino*, this court stated: "An attorney's lien is found on the equitable principle that an attorney is entitled to be paid his or her fees out of the judgment rendered in the case." The right for an attorney to be paid for his or her services "exists regardless of whether the fee is contingent or otherwise and '* * * notwithstanding the fact that no express agreement existed as to the payment of * * * fees.'" *Fire Protection Resources, Inc.*, 72 Ohio App.3d at 209, 594 N.E.2d 146, quoting *Babin*, 28 Ohio N.P.(n.s.) at 152, 1930 Ohio Misc. LEXIS 1211.

{¶19} In the seminal case on charging liens, the Ohio Supreme Court stated that attorneys retain the benefit of [charging] liens even "in the absence of an agreement with their client that they should have a lien." *Cohen v. Goldberger*, 109 Ohio St. 22, 28, 141 N.E. 656 (1923); *see also Walcutt v. Huling*, 5 Ohio App. 326, 1913 Ohio App. LEXIS 235 (10th Dist.1913), *aff'd without opinion*, 92 Ohio St. 518, 112 N.E. 1087 (1915) (although no express agreement existed regarding fees or that the attorney would have a lien against the judgment, the amount of recovery was based on quantum meruit); *Truman v. Coghlin Mach. & Supply Co.*, 11 Ohio App. 220, 1919 Ohio App. LEXIS 203 (6th

Dist.) (attorney allowed fees out of the fund produced by litigation, although no actual agreement for such participation in the fund existed with the client). "The attorney is entitled to be protected not by reason of his agreement, but 'on the equity of such attorney to be paid out of the judgment by him obtained and on the theory that his services and skill created the fund.'" *Babin* at 152 quoting *Cohen*, at paragraph one of the syllabus; *First Bank of Marietta v. Roslovic & Partners, Inc.*, 10th Dist. Franklin Nos. 03AP-332 and 03AP-333, 2004-Ohio-2717, ¶ 46 (whether the fund is generated by the efforts of an attorney working on an hourly basis or a contingent basis seems immaterial).

{¶20} In this case, the contract for legal fees between Reminger and Galloway was based on an hourly fee rate contract. Even though the Galloways specifically rejected a contingency fee arrangement with Reminger where a lien on the property was included, the case law does not preclude Reminger from placing a charging on lien on the properties based on the hourly fee rate contract. The record clearly demonstrates that Reminger's services generated the judgment that Reminger seeks to attach. Accordingly, the probate court did not abuse its discretion in allowing a charging lien to collect the overdue balance on a written hourly fee agreement. The assignment of error is overruled.

### III.   Charging Lien on Real Property

{¶21} In his third assignment of error, Galloway contends that the probate court erred by entering an attorney charging lien on real property. Galloway argues that a charging lien can only be placed on a fund of money.

**{¶22}** Whether an attorney should be granted a charging lien "is left to the sound discretion of the court of equity, the exercise of which should be based on the facts and circumstances of the case." *Minor Child of Zentack v. Strong*, 83 Ohio App.3d 332, 334-335, 614 N.E.2d 1106 (8th Dist.1992). A reviewing court will not reverse the equity court's decision to enforce an attorney's right to recover pursuant to a charging lien unless there is an abuse of discretion. *Kerger & Hartman, L.L.C. v. Ajami*, 2015-Ohio-5157, 54 N.E.3d 682, ¶ 25 (6th Dist.), citing *Garrett v. Sandusky*, 6th Dist. Erie No. E-03-024, 2004-Ohio-2582, ¶ 25. An abuse of discretion connotes that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶23}** In this case, the trial court noted that Galloway brought the action against the Trust specifically seeking to obtain the real property rather than a monetary distribution. The court concluded that because "Reminger was able to obtain the resolution sought by Galloway, this court finds no prohibition on allowing a lien on the real property." We agree and find no abuse of discretion by the trial court.

**{¶24}** In *Cohen*, the Ohio Supreme Court held that "[t]he right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on equity of such attorney to be paid out of the *judgment* by him obtained, and is upheld on the theory that his services and skill created the fund."

(Emphasis added.) *Cohen*, 109 Ohio St. 22, 141 N.E. 656, at paragraph one of the syllabus.

{¶25} As correctly noted by the trial court, the judgment Reminger was able to obtain for Galloway was the result Galloway sought — ownership of the two parcels of real property. To secure the payment of fees, Reminger sought to place a charging lien on the *judgment* obtained. Because the *judgment* was real property, the trial court did not abuse its discretion in allowing the attorney charging lien.

{¶26} In *Kerger & Hartman,* 2015-Ohio-5157, 54 N.E.3d 682, *appeal not allowed*, 14 Ohio St.3d 1459, 2016-Ohio-2807, 49 N.E.3d 321, the Sixth District upheld the trial court's decision allowing a charging lien to be placed on real property. While the facts and circumstances of the *Kerger* case were quite unique, the result is the same as applied to the facts in the case before this court — the attorney, at the client's instruction and agreement, provided legal work to obtain an interest in real property, and as a result of the attorney's skill and services, real property was obtained.

{¶27} Accordingly, the trial court did not abuse its discretion in granting Reminger's motion for a charging lien on the real property judgment. The third assignment of error is overruled.

### IV. Inclusion of Charging Lien

{¶28} Galloway argues in his fourth assignment of error that the probate court erred by including fees for services rendered for the defense of claims in a separate case in the attorney charging lien. In support, Galloway cites *Petty v. Kroger*, 165 Ohio

App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869 (10th Dist.), where the attorney sought to assert a charging lien on the future judgment in a civil personal injury case for attorney fees owed in his representation of the client in a prior traffic case. The Tenth District held an attorney may not assert a charging lien on a recovery of funds for the client in one case for fees due from the client in a separate unrelated matter. *Id*. at ¶ 10.

{¶29} In this case, the evidence demonstrated that Reminger was retained to pursue the underlying litigation and then to defend the related lawsuits with the primary objective to obtain the parcels of property contained in his father's trust, while retaining the parcels he inherited from his Aunt June. In fact, Galloway testified:

> We wanted, like I said, multiple purposes. Number one, I wanted to get back into the trust, which I was left out of, thrown out of.
>
> I wanted to get, hopefully, the two parcels that my dad had there. And the reason for that was the two parcels that my dad had were really not worth anything because he didn't have the frontage to build on — that was always his — his dilemma — and then the other two parcels that my Aunt June, that I acquired did have. And without the other two being next to each other, they would really be worthless.
>
> So I wanted to obtain, I wanted to get into the trust * * *.

(Tr. 94.)

{¶30} The trial court noted, and the record supports, that the related lawsuits were resolved as part of the overall settlement in the underlying lawsuit, therefore, it was part of the result arising from the skill and services of Reminger to protect the "fund" created as a result of the settlement. Therefore, unlike in *Petty*, the fees in this case were not

from a separate matter or case; the defense of the related lawsuits were intertwined to achieve Galloway's overall goal of obtaining and retaining the real properties at issue.

{¶31} Accordingly, we find no abuse of discretion by the trial court to include the defense fees as part of the charging lien. The fourth assignment of error is overruled.

V. Proper Party

{¶32} In his fifth assignment of error, Galloway contends that the probate court erred by entering an attorney fee charging lien on property whose owner was not a party to the litigation and for whom the attorneys had performed no services. Essentially, Galloway contends that because the property was titled in the name of his family trust and not Galloway's name individually, the trial court could not order the charging lien to attach to the real property. Galloway also contends that he had no notice of Reminger's fraudulent transfer claim because no lawsuit or motion was filed against him; rather, the claim was "buried in [Reminger's] reply brief sprung on them at the hearing."

{¶33} The Ohio Supreme Court has held that a complaint for fraudulent conveyance is not required for the court to make a finding that the transfer is invalid for the purposes of avoiding the creditor's claim. *Wagner v. Galipo*, 50 Ohio St.3d 194, 553 N.E.2d 610 (1990).

{¶34} In *Wagner*, a husband and wife, when faced with foreclosure on their real property, transferred title of their real property from a joint ownership with rights of survivorship to a tenancy by the entireties. *Id.* at 197. They argued that because the foreclosure was only filed against the husband, the foreclosure could not attach to the

wife's interest in the property under the tenancy by the entireties title. A complaint for fraudulent conveyance was not filed or pled in the foreclosure action. *Id.* The court found that regardless of whether or not the claim for fraudulent conveyance was pled in a complaint, the facts in the record established that the transfer of title was made for the purpose of avoiding the creditor's claim and therefore constituted a fraudulent conveyance under R.C. 1336.01 et seq. In its holding, the court noted:

> The issue of whether a particular conveyance is fraudulent could be raised in the pleadings, but it could also arise while an action is pending, or even after a judgment is rendered, depending on the actions of the debtor and the knowledge of the creditor. No purpose would be served by formally requiring the creditor to amend the pleadings or file a supplemental complaint whenever the debtor makes, or the creditor discovers, during foreclosure proceedings, a transfer which appears to be a fraudulent conveyance.

*Id.*; *see also Springfield v. Palco Invest. Co.,* 2d Dist. Clark No. 2012 CA 52, 2013-Ohio-2348 (a complaint for fraudulent conveyance is not necessary for a court to make a factual finding that the conveyance was fraudulent and attach a creditor's claim to property even where the claim is not a foreclosure).

{¶35} The evidence in the record reveals that after Reminger filed the motion for charging lien, Galloway transferred the real property out of his individual name and into the name of his family trust — Mark and Susan Galloway 2013 Family Trust. Therefore, the record supports the trial court's conclusion that Galloway's transfer of the real property after notice of the creditor's claims "negates Galloway's argument that the charging lien cannot attach to that property." In the instance of a trust, where the transferor is the settlor, trustee, and beneficiary of the trust, the transferee maintains

possession and control of the property. Accordingly, Galloway's transfer of the real property into his family trust does not prevent attachment of Reminger's charging lien. *See UAP-Columbus JV326132 v. Young*, 10th Dist. Franklin No. 09AP-646, 2010-Ohio-485 (a trust beneficiary's interest in a revocable trust where property was transferred into that trust to avoid a creditor's claim is a fraudulent transfer and cannot prevent attachment of the creditor's claim).

**{¶36}** Galloway's fifth assignment of error is overruled.

**{¶37}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

EILEEN A. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR