DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant Keller Kehoe, LLP (KK), appeals from a judgment of the Summit County Court of Common Pleas, which denied KK's motion for an attorney charging lien against Smart Media of Delaware, Inc. (SMI). We dismiss the appeal under the doctrine of mootness.
 {¶ 2} SMI was sued by Telxon Corp., and retained KK to defend the suit and file a counterclaim. At some point during discovery but prior to commencement of the trial, KK withdrew from representing SMI, who was thereafter represented by another attorney. The case proceeded to trial and SMI obtained a $212 million verdict against Telxon. KK moved the trial court for an order to declare and enforce an attorneys' lien on SMI's $212 million verdict. The trial court first granted then, upon reconsideration, later denied the lien.
 {¶ 3} Meanwhile, Telxon filed a direct appeal to this Court, challenging the validity of SMI's $212 million verdict. This Court reversed the decision and directed a verdict in favor of Telxon. TelxonCorp. v. Smart Media of Delaware, Inc., 9th Dist. No. 22098 22099,2005-Ohio-4931, at ¶ 148. Accordingly, there is presently no judgment in favor of SMI; there is no award from which SMI's attorneys would receive a contingent fee or to which a lien might attach.
 {¶ 4} KK had appealed the denial of the lien prior to the outcome of Telxon's direct appeal, and has persisted despite the reversal of that judgment. KK asserts three assignments of error, which we have consolidated to facilitate review.
 ASSIGNMENT OF ERROR I
"The lower court erred when it vacated its predecessor's orders pursuant to appellees' motions for reconsideration and then declared its own order not to be final."
 ASSIGNMENT OF ERROR II
"The lower court erred when it denied appellant's motion to declare and enforce its attorneys' lien and appellants motion to join Madeline, LLC. When it was without jurisdiction to do so." [sic]
 ASSIGNMENT OF ERROR III
"The lower court erred when it denied appellants motion to declare and enforce its attorneys' lien and to join Madeline as a party." [sic]
 {¶ 5} KK asserts that the trial court erred in refusing to uphold the attorney charging lien against the appellees, SMI and a third party who KK sought to join to the action. We conclude that these arguments have been rendered moot by ensuing circumstances, and this appeal must be dismissed.
 {¶ 6} "That an appellate court need not consider an issue, and will dismiss the appeal, when the court becomes aware of an event that has rendered the issue moot is a proposition of law that harks back almost a century." Cincinnati Gas Elec. Co. v. Pub. Util. Comm.,103 Ohio St.3d 398, 2004-Ohio-5466, at ¶ 15, citing Miner v. Witt
(1910), 82 Ohio St. 237, 238. The Ohio Supreme Court went on to explain its mootness doctrine:
"In the absence of the possibility of an effective remedy, this appeal constitutes only a request for an advisory ruling from the court. The court should decline the invitation to undertake such an abstract inquiry. That is not the proper function of the judiciary, as this court has previously observed: `It has been long and well established that it is the duty of every judicial tribunal to decide actual controversies between parties legitimately affected by specific facts and render judgments which can be carried into effect. It has become settled judicial responsibility for courts to refrain from giving opinions on abstract propositions and to avoid the imposition by judgment of premature declarations or advice upon potential controversies.'" Id. at ¶ 17, quoting Fortner v. Thomas (1970), 22 Ohio St.2d 13, 14.
In the present appeal, the most this Court could decide at this time would be: If SMI obtains a judgment against Telxon, then the lien would(or would not) avail. That is a critically big "If." Accordingly, this Court "will not perform a vain act when there is no real issue presented in the appeal." Id. ¶ 18, citing Verizon N., Inc. v. Pub. Util. Comm.,101 Ohio St.3d 91, 2004-Ohio-44. Our basis for this conclusion is that the absence of judgment in favor of the client invalidates the availability of the attorney charging lien in favor of that client's attorney.
 {¶ 7} Ohio Courts have recognized the right of an attorney to attach a lien to a client's judgment despite the absence of any statute to that effect. Mancino v. Lakewood (1987), 36 Ohio App.3d 219, 223-24. As originally established:
"The right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his services and skill created the fund." Cohen v. Goldberger (1923), 109 Ohio St. 22, paragraph one of the syllabus.
Notably, this particular right presupposes the existence of a "judgment" and a "fund." See, also, In re Simms Constr. Servs. (Bankr. 6th Cir. 2004), 311 B.R. 479, 484 ("Generally, an attorney's charging lien allow[s] a lawyer who has represented a successful claimant to retain out of the proceeds of the suit an amount sufficient to pay the lawyer's claimed fee and disbursements." (Quotations omitted.)); FirstBank of Marietta v. Roslovic Partners, Inc., 10th Dist. No. 03AP-332 03AP-333, 2004-Ohio-2717, at ¶ 41 ("A charging lien in favor of an attorney is a lien upon judgment or other proceeds awarded to a client or former client."); Garrett v. Sandusky, 6th Dist. No. E-03-024,2004-Ohio-2582, at ¶ 24 ("While, before judgment, an attorney has no lien upon or interest in the cause of action * * *."); Fire ProtectionResources, Inc. v. Johnson Fire Protection Co. (1991),72 Ohio App.3d 205, 209 ("An attorney's lien is founded on the equitable principal that an attorney is entitled to be paid his or her fees out of the judgment rendered in the case. * * * An attorney's right to fees out of the judgment, therefore, is no different than if attorney's fees were thus included in the verdict and judgment[.]" (Edits/citations omitted.)); Mancino, 36 Ohio App.3d at 224 ("[T]he attorney shall have a lien for his compensation on the amount recovered.").
 {¶ 8} Without such a judgment or fund, there can be no attorney charging lien, as there is nothing upon which to attach this lien and any argument over the legal aspects of that lien become moot. Hilling v.Cincinnati (1936), 54 Ohio App. 293, 298 ("[T]here is no subject-matter upon which the city's lien could operate. The question has become moot."); Ballinger v. Luers, 12th Dist. No. CA2003-04-053,2004-Ohio-284, at ¶ 26. In the present case, there is no judgment for SMI and no fund. Accordingly, there is no basis for any attorney charging lien, and consequently, no dispute. This appeal must be dismissed.
 {¶ 9} Because there is no judgment upon which a lien might attach, questions as to the reasonableness or lawfulness of the underlying court order in this case have been rendered moot. Therefore, we must dismiss the appeal.
Appeal dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Moore, J., concur.