PETTY, Appellee,

v.

KROGER FOOD & PHARMACY, Appellee; Smith, Appellant.

[Cite as *Petty v. Kroger Food & Pharmacy,* 165 Ohio App.3d 16, 2005-Ohio-6641.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 05AP–592.

Decided Dec. 15, 2005.

Tyack, Blackmore & Liston Co., L.P.A., and Thomas M. Tyack, for plaintiff-appellee, James Petty.

Scott Heeter, for defendant-appellee, Kroger Food & Pharmacy.

Smith, Phillips & Associates, and Janet L. Phillips, for intervenor-appellant, Scott E. Smith.

TRAVIS, Judge.

{¶ 1} Appellant, attorney Scott E. Smith, appeals from the May 9, 2005 judgment of the Franklin County Court of Common Pleas denying his motion to intervene. Appellant sought to intervene to assert a charging lien against James Petty, a former client. For the following reasons, we affirm.

{¶ 2} In April 2001, James Petty hired appellant to represent him in his claims of false arrest and malicious prosecution against Kroger Food & Pharmacy. Petty and appellant entered into a written contingent-fee agreement that specifically provided appellant the right to a charging lien. Some time later, Petty became unsatisfied with appellant and sought the representation of attorney Thomas Tyack. On February 28, 2002, Tyack, on Petty's behalf, filed a complaint against Kroger. That case was dismissed voluntarily pursuant to Civ.R. 41(A) on August 8, 2003. The case was then refiled by Tyack on August 4, 2004.

{¶ 3} In late 2001, Petty also had retained appellant to represent him in a municipal traffic-violation case. Appellant represented Petty in the matter, and Petty failed to pay appellant's attorney fees of $750. Appellant obtained a default judgment on the account in June 2005. Appellant has thus far been unable to collect on the judgment.

{¶ 4} On October 21, 2004, appellant filed a notice of attorney and charging lien in the refiled Kroger case. No party opposed or objected to appellant's filing. In March 2005, appellant filed a motion to intervene in the Kroger case. Appellant asserted that he was entitled to a lien on any settlement, judgment, verdict, or award rendered in the Kroger case for both his work on that case and his unpaid fees from the traffic case. The trial court denied the motion in May 2005, holding that the outstanding fees from the traffic case were an entirely separate matter, and therefore intervention in the Kroger case was inappropriate. The trial court failed to address appellant's claims for fees relating to the Kroger case itself.

{¶ 5} Appellant now appeals from the trial court's decision denying intervention. Appellant asserts one assignment of error:

The trial court erred in denying Scott E. Smith's right to intervene and protect his claim in his former client's personal injury case.

Appellant contends that a decision denying intervention is a final, appealable order, rendering an appeal timely and proper. Further, appellant asserts that his equitable right to payment, combined with the written contract terms, makes intervention appropriate in the Kroger case. Petty argues that appellant has no right to a charging lien because he did not procure judgment on the case.

Additionally, Petty contends that the trial court correctly determined that intervention is inappropriate.

{¶ 6} Appellant first asserts that a decision denying a motion to intervene is a final, appealable order. No party has challenged this assertion. We have previously stated that while the granting of a motion to intervene is not a final, appealable order, the denial of a motion to intervene is. *Fifth Third Bank, (Central Ohio) v. Banks*, Franklin App. No. 04AP–860, 2005-Ohio-4972, 2005 WL 2303661. Therefore, appellant has correctly stated the law, and an appeal at this time is appropriate.

{¶ 7} Appellant next asserts that the trial court erred in denying his motion to intervene pursuant to Civ.R. 24(A). The appropriate standard of review for such a motion is abuse of discretion. *Myers v. Basobas* (1998), 129 Ohio App.3d 692, 696, 718 N.E.2d 1001. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 8} In order for an applicant to intervene as a matter of right under Civ.R. 24(A), either a statute of this state must confer an unconditional right to intervene upon the applicant, or the applicant must (1) claim an interest relating to the property or transaction that is the subject of the action, (2) be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect his or her interest, (3) demonstrate that his or her interest is not adequately represented by the existing parties, and (4) move to intervene in a timely manner. Failure to satisfy any one of the elements in Civ.R. 24(A) will result in denial of the motion to intervene. *Fairview Gen. Hosp. v. Fletcher* (1990), 69 Ohio App.3d 827, 831, 591 N.E.2d 1312.

{¶ 9} There is no statute in this state that provides for an unconditional right to intervene to enforce a charging lien. In fact, no statute addresses charging liens in any respect. Therefore, appellant must satisfy the four above-enumerated elements in order for intervention to be appropriate.

{¶ 10} The trial court addressed only appellant's claims for funds related to the traffic case. The court held that appellant did not have an interest in the subject property because the funds sought were for work performed on a completely unrelated matter. Further, the trial court determined that appellant's interests would not be impaired if he were not permitted to intervene, as he could file a separate action specifically to recover the money. Having found that appellant had failed to satisfy two of the four necessary elements, the trial court denied intervention.

{¶ 11} A charging lien is a lien upon a judgment or other monies awarded to a client, or former client, for work previously performed by the attorney. *First Bank of Marietta v. Roslovic & Partners, Inc.,* Franklin App. No. 03AP–332, 2004-Ohio-2717, 2004 WL 1172885, ¶ 41. "The right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his services and skill created the fund." *Cohen v. Goldberger* (1923), 109 Ohio St. 22, 141 N.E. 656, syllabus. We have stated previously that our preference is to "strictly apply the requisites spelled out in the syllabus of *Cohen.*" *First Bank of Marietta,* 2004-Ohio-2717, at ¶ 50. We prefer a strict application because it avoids a "but for" test, which would allow even minimal or remote contribution to justify a charging lien. Id.

{¶ 12} Appellant in part seeks to obtain a portion of the recovery in the Kroger case for work he performed on an entirely different case. A strict reading of the *Cohen* requisites allows an attorney to be paid out of funds created by him for the work done in creating those funds. However, *Cohen* does not authorize the reimbursement of all monies owed to an attorney, whether related to the judgment or not. Therefore, as applied to the traffic-case fees, the trial court was correct in finding that appellant did not have an interest in the property or transaction that is the subject of the action and in denying intervention. We find no abuse of discretion occurred. We affirm that portion of the trial court's decision.

{¶ 13} Although the trial court did not specifically address intervention as it applies to appellant's claim for fees earned in the Kroger case itself, we nonetheless affirm the denial of the motion to intervene. A strict reading of the *Cohen* syllabus requires that a judgment or fund exist in order for an attorney to assert a charging lien. Previously, we have held that an attorney cannot attach funds to cover fees until after final settlement has been reached. *Irwin Flickinger v. Bruce L. Christy Co., L.P.A.* (1989), 61 Ohio App.3d 131, 572 N.E.2d 201. It stands to reason that one cannot collect or attach something that does not yet exist.

{¶ 14} Our holding is supported by case law from other Ohio appellate districts. The Ninth District has held, "Without such a judgment or fund, there can be no attorney charging lien, as there is nothing upon which to attach this lien and any argument over the legal aspects of that lien become moot." *Telxon Corp. v. Smart Media of Delaware, Inc.,* Summit App. No. 22543, 2005-Ohio-6223, 2005 WL 3117132, ¶ 8. The Sixth and Eighth Districts have also held that a judgment, settlement, or other fund-creating event must exist before an attorney can assert a charging lien. *Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*

(1991), 72 Ohio App.3d 205, 594 N.E.2d 146; and *Mancino v. Lakewood* (1987), 36 Ohio App.3d 219, 523 N.E.2d 332.

{¶ 15} Appellant's written contingent-fee contract does not obviate the need for a judgment or other fund-creating event. Appellant's agreement states: "Attorney shall have a charging lien upon the proceeds of any insurance monies, settlement, judgment, verdict, award or property obtained in your behalf[.]" While the language encompasses all fund-creating events, it does not allow for collection of fees prior to fund creation. In fact, the contingent nature of the contract emphasizes that appellant has no right to any fees unless funds are obtained on Petty's behalf. At this time, no funds have been obtained.

{¶ 16} Since judgment, settlement, or another fund-creating event has not yet occurred in the Kroger case, appellant is premature in his attempts to assert his charging lien. Until judgment or like event, appellant has no interest in the subject matter of the litigation, and intervention is inappropriate. However, appellant is free to assert his lien after the fund has been created. The trial court can assess the validity of the lien at that time.

{¶ 17} Accordingly, we find the trial court did not abuse its discretion in denying the motion to intervene. We affirm the judgment, albeit on different grounds.

Judgment affirmed.

BRYANT and FRENCH, JJ., concur.