[Cite as *Mathews v. E. Pike Local School Dist. Bd. of Edn.*, 2013-Ohio-4438.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PIKE COUNTY

GEORGE L. MATHEWS,                          :
                                            :
    Plaintiff-Appellant/ Cross-Appellee,    :
                                            :        Case No. 12CA832
    v.                                      :
                                            :
EASTERN PIKE LOCAL SCHOOL                    :        DECISION AND
DISTRICT BOARD OF EDUCATION, et al.,        :        JUDGMENT ENTRY
                                            :
    Defendants-Appellees/ Cross-Appellants.  :        Released: 09/26/2013

_____

APPEARANCES:

William S. Cole and Joseph D. Kirby, Jackson, Ohio, for appellant.

Ryan M. LaFlamme, ENNIS, ROBERTS & FISCHER, Cincinnati, Ohio, for appellees.

F. Harrison Green, F. HARRISON GREEN CO., L.P.A., Cincinnati, Ohio, for cross-appellant.

_____

Hoover, J.

{¶ 1}  This is an appeal of the judgment of the Pike County Court of Common Pleas ruling (1) appellant, George L. Mathews and appellees, Eastern Pike Local School District Board of Education, et al., entered into a settlement agreement and the provisions of such agreement should be enforced and (2) that cross-appellant, Attorney F. Harrison Green is entitled to the enforcement of a charging lien in the amount of $35,000.00 against the settlement proceeds.

{¶ 2} In the related case *Mathews v. Eastern Pike Local School District Board of Education et al.*, 4th Dist. No. 12CA831, 2013-Ohio----, appellant George L. Mathews appealed the trial court's enforcement of a settlement agreement.  In that case, we affirmed the trial court's decision to enforce the settlement agreement referenced as "Exhibit A."  In this case, appellant challenges the enforcement of the charging lien in favor of Attorney F. Harrison Green.  As a

cross-appellant, Attorney Green appeals the amount of the charging lien. For the following reasons, the trial court's decision granting the charging lien in the amount of $35,000.00 against the settlement proceeds is affirmed.

{¶ 3} Appellant, George L. Mathews, sets forth the following assignment of error:

I. THE TRIAL COURT ERRED WHEN IT GRANTED A CHARGING LIEN

AS THERE WAS NO SETTLEMENT.

{¶ 4} Cross-Appellant, Attorney Green, sets forth the following assignment of error:

THE TRIAL COURT ERRED WHEN IT FAILED TO PROPERLY COMPUTE

THE AMOUNT OF ATTORNEY FEES FOR THE CHARGING LIEN.

I. FACTS

{¶ 5} The facts are essentially the same facts as set forth in the related case *Mathews v. Eastern Pike Local School District Board of Education et al.*, 4th Dist. No. 12CA831, 2013-Ohio----.

{¶ 6} On August 18, 2009, the Eastern Local School District terminated appellant, George L. Mathews, from employment as a school bus driver. Appellant subsequently sought the legal services of cross-appellant Attorney Green. On October 16, 2009, appellant signed a fee contract with cross-appellant wherein appellant agreed to pay cross-appellant a $5,000.00 retainer fee plus forty percent (40%) "of any settlement in this matter."

{¶ 7} On May 11, 2010, appellant filed a complaint against the appellees, Eastern Local School District, its individual board members, the superintendent, the transportation director, and the parents of children who allegedly made false statements concerning his conduct as school bus driver. The complaint alleged various causes of action. On December 22, 2010, appellees filed a motion for summary judgment, which was subsequently granted. Shortly thereafter, the parties

reached an agreement to mediate the matters with a private mediator.  By agreement of the parties, the trial court's order granting summary judgment in favor of appellees was later vacated.

{¶ 8}  The parties began mediation in January 2011.  Cross-appellant Attorney Green represented the appellant and Attorneys Ryan LaFlamme and Bronston McCord represented the appellees. Upon entering mediation, cross-appellant agreed to reduce his fee to forty thousand dollars ($40,000.00) if the case was settled.  The transcript of an April 14, 2011 status conference reveals that the parties were "close" to an agreement.

{¶ 9}  After the April 2011 status conference, the parties participated in two different settlement conferences in June 2011 and August 2011.  No written agreement was executed after either of the settlement conferences.  At the June settlement conference, a proposed agreement was signed by the appellant; but the appellees did not sign the agreement.  The proposed settlement agreement outlined provisions involving a lump sum settlement of $150,000.00, payment towards retirement, withdrawal of the employment discharge, and appellant's voluntary retirement.  This written instrument was marked and has been referenced thereafter as "Exhibit B."  Appellees rejected the proposed settlement agreement because the retirement contributions were based upon a proposed salary of $45,000.00 per year for the period of May 12, 2009 through June 30, 2011.  Appellees believed that the $45,000.00 figure was too high since appellant had only received a salary of $35,298.60 for the 2007-2008 school year and $37,001.00 for the 2008-2009 school year.

{¶ 10}  Appellees contend that a settlement agreement was reached between the parties at the August 2011 settlement conference.  However, the parties did not memorialize the agreement by signing a memorandum of agreement at the settlement conference.  The parties did not read

into the record the purported settlement agreement for the trial court to review and adopt as a

court order. All discussions were held entirely off the record; and neither party sought to

formally note or recite any the terms of the purported agreement before the trial court.

Nonetheless, cross-appellant entered the trial court's chambers and shook Attorney LaFlamme's

hand representing that an agreement had been made.

{¶ 11} Cross-appellant then sent an email to Attorney McCord at 4:08 PM on August 23,

2011 stating:

Bronston,

In accordance with the terms worked out by Ryan [LaFlamme] and myself, please

find attached a proposed Agreement that I believe will be signed by Mr. Mathews.

I have included some simple language to acknowledge that this is a release of all

claims of the parties through the date of execution. It is understood that Mr.

Mathews may have a potential claim as work related injuries, but it is outside the

ability of our parties to agree to claims against a state fund such as BWC.

Please advise as soon as possible. I believe we need to move fast while Mr.

Mathews is in agreement.

Thanks again for yours and Ryan's help in resolving this matter.

Best Regards,

Harrison

The settlement agreement contained a provision regarding retirement contributions and the

additional language referenced in cross-appellant's email. This proposed settlement agreement

was marked and has been referenced as "Exhibit A."

{¶ 12}  The important differences between the two proposed agreements are as follows. Exhibit B stated:

>  WHEREAS, Mr. Mathews and the Defendants now desire to reach a complete and final settlement of any and all differences that exist or that may exist between them; and***
>
>  &
>
>  4.      In exchange for Mr. Mathews' agreement and compliance with all the terms herein and his execution for this Settlement Agreement and General Release, the District shall pay to the Ohio Public Employees Retirement System the amount of compensation for credit to Mr. Mathews' account for the period of May 12, 2009 through June 30, 2011 that is the District's contribution and Mr. Mathews' contribution based upon the proposed earnings of $45,000 per annum for Mr. Mathews during this period.

The corresponding sections of Exhibit A stated:

>  WHEREAS, Mr. Mathews and the Defendants now desire to reach a complete and final settlement of any and all difference that exist or that may exist between them *as to claims*; and***(Emphasis Added)
>
>  &
>
>  4       In exchange for Mr. Mathews' agreement and compliance with all the terms herein and his execution of this Settlement Agreement and General Release of all claims between the parties through the date of execution of this Agreement, the District shall pay to the Ohio Public Employees Retirement System the amount of compensation for credit to Mr. Mathews' account for the period of

May 12, 2009 through June 30, 2011 that is the District contribution and Mr.

Mathews' contribution based upon the earning for the academic year 2009-2010

of $38,851.10 and for the academic year 2010-2011 of $40,793.60 for Mr.

Mathews during this period.

As noted, the differences are the inclusion of the words "as to claims" in the first section and the

different salary basis for retirement contribution in term number 4 in Exhibit A.

{¶ 13}  Appellant refused to sign Exhibit A claiming he did not want to end his level four

(4) arbitration grievance procedure.  He furthered testified that cross-appellant did not have his

authority to enter the judge's chambers and settle the case.  On September 21, 2011, cross-

appellant sent appellant an email stating:

You have informed this office ***that you will execute the attached Settlement

Agreement and Release.

***As of this morning, Wednesday, September 21, 2011, this office is not in

receipt of the agreement in any form. This continuing conduct of stating that you

are signing the agreement and forwarding the same has created a breach of

confidence and agreement between this office and you.  As a part of assisting you

in making this settlement, this office has offered to reduce its contracted fee

agreement from 40% of all monies received to a flat fee of $40,000, a savings to

you of approximately $28,000; this offer was made to you in January 2011.  Over

the last eight mouths, I have continued to offer this reduction based upon your

acceptance of the agreement and execution.  Your delays have caused

considerable additional time and expense in an effort to achieve this arrangement.

If an executed facsimile is not received by office at 4:00PM, today, September 21, 2011, the offer of the reduction of fees is forever withdrawn.

{¶ 14}  Appellant subsequently sought new counsel to represent him.  On September 26, 2011, appellant sent cross-appellant a dismissal notice, terminating him as his legal counsel. Appellees filed a motion to enforce the settlement agreement of the August 2011 conference; and cross-appellant filed a motion for a judgment lien against the settlement for attorney's fees.  An evidentiary hearing on both motions was held on February 21, 2012.

{¶ 15}  Cross-appellant sought a judgment lien based on the settlement agreement provisions of "Exhibit A."  The settlement amount in "Exhibit A" was a $150,000.00 lump sum payment and $19,911.17 in retirement contributions.  Cross-appellant's motion requested a lien in the amount of $62,964.47which was forty percent (40%) of the settlement amount, pursuant to the original fee agreement with appellant.

{¶ 16}  The trial court ruled to enforce the settlement agreement and awarded a charging lien to cross-appellant in the amount of $35,000.00.  Appellant and cross-appellant timely filed this appeal of the trial court's decision.

## II. ANALYSIS

{¶ 17}  Appellant argues that the trial court erred in granting a judgment lien in favor of Attorney Green because he did not agree to the settlement offer.  Cross-appellant contends that the trial court erred in the amount of the judgment lien.  It is cross-appellant's position that the reduced fee agreement was based upon the condition precedent that appellant enter into an executed agreement of settlement.  Furthermore, he argues that there is no evidence in the record that appellant understood the $40,000.00 net fee was to be reduced by the retainer of $5,000.00 or that appellant relied upon the reduced fee to reach a settlement.

## A. Standard of Review

{¶ 18} The determination of the amount of a charging lien is a question of fact. Thus, we will review the trial court's ruling under an abuse of discretion standard. *Gilbert v. Crosby,* 4th Dist. Pickaway No. 00CA020, 2001 WL 243392, (Jan. 22, 2001) citing *Roberts v. U.S. fid. & Guar. Co.,* 75 Ohio St.3d 630, 634, 665 N.E.2d 664 (1996). In factual determinations, an appellate court should not substitute its judgment for that of a trial court, which is in a better position to observe the witnesses, view their demeanor, and use these observations to weigh the credibility of witness testimony. *Snyder v. Waldron*, 4th Dist. Athens No. 12CA9, 2013-Ohio-3416, ¶ 22 citing *Seasons Coal Co. v. Cleveland,* 10 Ohio St.3d 77, 80, 461 N.E.2d 1273 (1984); *Cincinnati Insurance Co. v. Evans,* 6th Dist. Wood No. WD-09-012, 2010-Ohio-2622, ¶ 45.

{¶ 19} We will evaluate the parties' arguments in accordance with our ruling in *Mathews v. Eastern Local Board of Education et al.*, 4th Dist. No. 12CA831, 2013-Ohio----, in which we decided that the proposed settlement agreement should be enforced.

{¶ 20} A charging lien in favor of an attorney is a lien upon judgment or other proceeds awarded to a client or former client. The standard most consistently cited in Ohio in determining the appropriateness of a charging lien remains that which was set forth in the syllabus of *Cohen v. Goldberger*, 109 Ohio St. 22, 141 N.E. 656 (1923): "The right of an attorney to payment of fees earned in the prosecution of litigation to judgment, though usually denominated a lien, rests on the equity of such attorney to be paid out of the judgment by him obtained, and is upheld on the theory that his services and skill created the fund." *First Bank of Marietta v. Roslovic & Partners, Inc.* 10th Dist. Nos. 03AP-332 & 03AP-333, 2004-Ohio-2717, ¶ 41.

{¶ 21} Courts have strictly applied the requisites spelled out in the syllabus of *Cohen*, noting that this interpretation is preferable to a "but for" test, which would allow even minimal

or remote contribution to justify a charging lien. *Cuyahoga County Board of Commissioners v. Maloof Properties, Ltd. et al.,* 8th Dist. No. 96816, 2012-Ohio-470, ¶ 16 citing *Petty v. Kroger Food & Pharmacy*, 165 Ohio App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869 (10th Dist.).  These charging liens are generally superior to the claims of the client's other creditors.  *Cohen* at paragraph two of the syllabus.  We also recognize that charging liens have been recognized as having a "superpriority" that is superior even to federal tax liens. *See Maloof Properties, Ltd.* at ¶18; *see also Reed & Steven v. HIP Health Plans of Florida, Inc.*, 81 F.Supp.2d 1335 (S.D. Fla.1999).

{¶ 22}  We further note that a party's former attorney is permitted to intervene in an action in order to pursue a charging lien.  *See Fire Protection Resources, Inc. v. Johnson Fire Protection Co.*, 72 Ohio App.3d 205, 594 N.E.2d 146 (6th Dist.1991); *Kroger*; *Minor Child of Zentack v. Strong*, 83 Ohio App.3d 332, 334–335, 614 N.E.2d 1106 (8th Dist.1992).  Even a law firm has been permitted to assert a charging lien by motion.  *See Roslovic & Partners*, 2004-Ohio-2717 at ¶ 44.

{¶ 23}  In the related appeal, *Mathews v. Eastern Pike Local School District Board of Education et al.*, 4th Dist. No. 12CA831, 2013-Ohio----, we ruled that a settlement agreement existed between appellant and appellees, affirming the trial court's ruling.  The argument made by appellant here is based upon the premise that the settlement agreement should not be enforced; and therefore no charging lien can exist.  Because this Court has decided that the settlement agreement should be enforced, we overrule appellant's assignment of error.

In January 2011, cross-appellant Attorney Green offered a reduced legal fee, apart from the initial contingency fee agreement, if Mathews would enter into a settlement agreement with the Board of Education.  Cross-appellant argues that Mathews waived the benefit of the reduced

fee when he failed to execute the agreement.  Alternatively, Attorney Green states that Mathews always understood the fee bargain to be flat fee of $40,000.00, not to be reduced by $5,000.00. Since Mathews never signed an agreement, Attorney Green argues that the reduction should not be enforced.  Attorney Green calculates his attorney fees to be $62,964.47, as part of the $252,411.17 settlement.

The trial court did not agree with Green's argument, finding that the settlement was reached in part because of the reduced fee agreement.  The trial court reduced the $40,000.00 fee to $35,000.00, subtracting the initial retainer of $5,000.00.  No evidence exists which demonstrates that the trial court's judgment was an abuse of discretion.

Attorney Green, both in this case and No. 12CA831 argued that a settlement agreement had been reached after the settlement conference in August 2011.  Here, however, he argues that the appellant waived the reduced fee by not signing the agreement.  We disagree with the cross-appellant's argument.  A fee reduction agreement occurred in order to settle the case; and this Court has found that Exhibit A should be enforced as the settlement agreement.  Therefore, the trial court did not err when it granted a charging lien upon the settlement agreement in the amount of $35,000.00.

## III.  CONCLUSION

Appellant Mathews' and Cross-appellant Green's assignments of error regarding the charging lien are overruled.  The judgment of the trial court granting a charging lien in the amount of $35,000.00 is affirmed.  Pursuant to our decision in *Mathews v. Eastern Pike Local School District Board of Education et al.*, 4th Dist. No. 12CA831, 2013-Ohio----, the charging lien will be attached to the settlement agreement referenced as "Exhibit A."

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.   Appellant and Cross-appellant shall equally divide the costs herein taxed.

The Court finds there were reasonable grounds for this appeal and this cross-appeal.

It is ordered that a special mandate issue out of this Court directing the Pike County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:  Concurs in Judgment and Opinion.
Harsha, J.:  Concurs in Judgment Only.

For the Court

By:_____
Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.