[Cite as *Snider Interests, L.L.C. v. Cannata*, 2017-Ohio-85.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 103659

---

# SNIDER INTERESTS L.L.C., ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# SAM P. CANNATA, ET AL.

### DEFENDANTS-APPELLEES

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-12-785850 and   CV-12-786574

**BEFORE:**   Laster Mays, J., McCormack, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   January 12, 2017

**ATTORNEY FOR APPELLANTS**

Gerald W. Phillips
Phillips & Company L.P.A.
461 Windward Way
Avon Lake, Ohio 44012


**ATTORNEYS FOR APPELLEES**

**FOR DAVID M. BROWNING**

Kenneth R. Callahan
Theodore M. Dunn
Buckley King L.P.A.
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, Ohio 44114


**FOR TRANSAMERICA LIFE INSURANCE CO.**

Gregory P. Amend
Buckingham, Doolittle & Burroughs, L.L.P.
One Cleveland Center - Suite 1700
1375 E. Ninth Street
Cleveland, Ohio 44114


**FOR VISTA WAY PARTNERS L.L.C.**

Anthony J. Coyne
Justin J. Eddy
Mansour, Gavin, L.P.A.
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114

**ALSO LISTED:**

**FOR SAM P. CANNATA**

Sam P. Cannata, pro se
30799 Pinetree Road, #254
Pepper Pike, Ohio 44124

ANITA LASTER MAYS, J.:

{¶1}  Plaintiffs-appellants attorney Gerald W. Phillips and his law firm, Phillips & Co. L.P.A. (collectively "Phillips"), appeal the trial court's decision denying appellants' motion to intervene.   We affirm.

## I.  BACKGROUND AND FACTS

{¶2}  This appeal stems from consolidated complaints for corporate dissolution and receiverships filed on June 27, 2012.[1]   The current appeal   involves only *Snider Interests, L.L.C. v. Cannata*, Cuyahoga C.P. No. CV-12-786574 ("Snider").

{¶3}  Appellants and attorney Sam P. Cannata ("Cannata"), prior to the filings for receivership, represented several of the parties involved in the case. In addition, Cannata, also a named defendant in the case, had a personal business interest in several of the codefendant-appellee entities.   On October 3, 2012, Phillips and Cannata were disqualified as counsel in the case.   The trial court did allow Cannata to engage in pro se representation.

{¶4}  A receiver ("Receiver") was appointed on August 6, 2012 ("Receivership Order").   Defendant-appellee Vista Way Partners, L.L.C. ("Vista Way") owned a shopping center ("Shopping Center") in Cuyahoga County.   On April 11, 2014, Cannata filed a motion to receive compensation from the Receiver for legal services, fees, and

---

[1]   The consolidated case is *Cannata-Infinity L.L.C. v. Snider Interests L.L.C.,* Cuyahoga C.P. No. CV-12-785850.

expenses relating to his representation of Vista Way in an appeal for real estate tax assessments relating to the Shopping Center that were incurred in 2007, prior to the receivership ("Cannata Fees").

**{¶5}** On November 14, 2014, Transamerica Life Insurance Company ("TLIC") objected to the Cannata Fees on the grounds that their 2006 mortgage and security liens against the Shopping Center had priority over the Cannata Fees. TLIC argued that, at best, any remainder recovery for Cannata would be limited to quantum meruit. TLIC's assertion was premised on the fact that Cannata's February 17, 2008 engagement letter for the real estate tax legal services was terminated via correspondence issued on March 1, 2008. Cannata was terminated for several reasons including his conflict of interest as a partner and owner of the property. TLIC also pointed out that the Cannata Fees were never ratified by the Receiver or the court.

**{¶6}** On April 23, 2015, appellants filed a notice of attorney charging fee lien ("Phillips Fees"), seeking 50 percent of the Cannata Fees, amounting to approximately $150,000. Attached to the notice, on appellants' letterhead, was a cover letter dated November 18, 2011, from appellant Gerald W. Phillips to the Cuyahoga County Board of Revision ("Board"). Accompanying the correspondence were countercomplaints submitted on behalf of Vista Way for the Shopping Center regarding the 2007 real estate taxes. The letter also advised the Board that Vista Way was unaware that tax complaints had previously been filed on its behalf (by Cannata), until it learned of the submissions at the recent board hearing on October 19, 2011.

**{¶7}** On May 26, 2015, the Receiver filed an application for payment of various Receivership expenses including legal fees to counsel for the Receiver. Cannata objected on June 5, 2015, and appellants filed objections the same date. On July 17, 2015, appellants filed a motion to stay, or alternatively for a security bond, challenging the propriety of payment of the fees requested by the Receiver. Appellants argued that the payments requested by the Receiver could not be remitted until the priority liens for the Cannata Fees and Phillips Fees were paid. Cannata filed a separate challenge to the release of funds, listing a series of arguments requiring that the Receiver's application be denied.

**{¶8}** On July 21, 2015, the trial court issued an order approving the Receiver's application for payment of various expenses of the Receivership, including legal services. Cannata's objections to the payments were overruled. Appellants' motion to stay and objections were stricken from the record, because appellants were not parties to the suit and had not moved to intervene.

**{¶9}** On August 19, 2015, appellants filed: (1) an answer, pro se, to the original complaint, which did not assert a fee charging lien; (2) objections to the Receiver's proposed sale of the Shopping Center; (3) a motion to terminate the Receivership and to dismiss for lack of jurisdiction; and (4) a 12-page motion to intervene, the motion at issue in this case. On August 19, 2015, the Receiver filed a motion to strike appellants' answer and motions. On September 2, 2015, appellants filed a brief supporting the motion for intervention.

**{¶10}** On September 24, 2015, the trial court issued an entry: (1) terminating the Receivership; (2) granting the Cannata Fees in an unstated sum based on quantum meruit; (3) denying the Receiver's motion to sell the Shopping Center; (4) denying TLIC's motion for relief from stay for the mortgage and security lien enforcement; and (5) denying appellants' motion for intervention.

**{¶11}** Appellants filed the instant appeal on October 23, 2015. On November 18, 2015, the trial court reversed its grant of the Cannata Fees, in toto.

## II.    ASSIGNMENTS OF ERROR:

I.      The trial court erred when it denied the motion for intervention for an attorney who has an attorney fee charging lien, and who intervenes pursuant to Civ.R. 24 (A).

II.     The trial court erred when it denied the motion for intervention for an attorney who has an attorney fee charging lien, and who intervenes pursuant to Civ.R. 24(B).

III.    The trial court erred when it denied the motion for intervention for an attorney who has an attorney fee charging lien who expressly had standing pursuant to the Receiver's Order to intervene.

IV.     The trial court erred when it denied the motion for intervention for an attorney who has an attorney fee charging lien who expressly had standing to intervene.

V.      The trial court erred when it denied the motion for intervention for an attorney who has an attorney fee charging lien because it violated the constitutional due process rights of the attorney.

**{¶12}** We combine our analysis of the assigned errors for purposes of judicial economy, because they each address the trial court's denial of the motion to intervene. We find that the arguments lack merit.

## A.    STANDARD OF REVIEW

{¶13} We review the denial of a motion to intervene, applying an abuse of discretion standard. *In re A.S.*, 8th Dist. Cuyahoga No. 102697, 2015-Ohio-4386, ¶ 18. An abuse of discretion occurs where the court "acts in an unreasonable, arbitrary, or unconscionable manner." *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). As to the timeliness of a motion to intervene under Civ.R.24(A), the "matter [is] within the sound discretion of the trial judge, and the   trial court's decision will be reversed only upon a showing of an abuse of that discretion." *Univ. Hosps. of Cleveland v. Lynch*, 96 Ohio St.3d 118, 2002-Ohio-3748, 772 N.E.2d 105, ¶ 47, citing *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503, 696 N.E.2d 1058    (1998).

## B.    LAW AND ANALYSIS

{¶14}      Intervention as a matter of right is governed by Civ.R. 24(A):

(A) Intervention of right.  Upon timely application anyone shall be permitted to intervene in an action:   (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶15}    Though intervention as a matter of right is to be liberally construed in favor of the putative intervenor, the intervenor must demonstrate all of the following elements:

"(1) the intervenor must claim an interest relating to the property or

transaction that is the subject of the action; (2) the intervenor must be so situated that the disposition of the action may, as a practical matter, impair or impede the intervenor's ability to protect his or her interest; (3) the intervenor must demonstrate that his or her interest is not adequately represented by the existing parties; and (4) the motion to intervene must be timely. *Fairview Gen. Hosp. v. Fletcher*, 69 Ohio App.3d 827, 830-831, 591 N.E.2d 1312 (1990); *Blackburn v. Hamoudi*, 29 Ohio App.3d 350, 505 N.E.2d 1010, (1986) syllabus. All of these conditions must be met to establish a right to intervene. *Ashcraft v. Univ. of Cincinnati Hosp. Aring Neurological Institute*, 10th Dist. Franklin No. 98AP-948, 1999 Ohio App. LEXIS 1962 (Apr. 27, 1999)." *State ex rel. Montgomery v. Columbus*, 10th Dist. Franklin No. 02AP-963, 2003-Ohio-2658.

*Cleveland v. State*, 8th Dist. Cuyahoga No. 92735, 2009-Ohio-6106, ¶ 6.

**{¶16}** The timeliness factors to consider are:

(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir.1984).

**{¶17}** We find no factors present in this case that support intervention as a matter of right. The timing factor alone negates the grant of intervention under Civ.R. 24(A). *Id.*

**{¶18}** The application for the Cannata Fees was filed more than a year before appellants proffered various submissions in an attempt to join the action to assert entitlement to the Cannata Fees. The suit had been pending since 2012 and, in fact, this appeal constitutes the ninth time the case has been before this court. No

justification has been offered by appellants for waiting three years after the case was initiated, and more than one year after the application for the Cannata Fees was filed.

**{¶19}** Also, as to Civ.R. 24(A)(1), "[t]here is no statute in Ohio which either permits an attorney's lien on a client's judgment, decree or award, or provides a remedy for enforcement of such lien." *Mancino v. Lakewood*, 36 Ohio App.3d 219, 223-224, 523 N.E.2d 332 (8th Dist.1987); *Petty v. Kroger Food & Pharm.,* 165 Ohio App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869, ¶ 9 (10th Dist.).

**{¶20}** Appellants admit that the Phillips Fees are contingent upon recovery by Cannata. Thus, even assuming arguendo that a valid agreement existed between Cannata and appellants, entitling appellants to a 50 percent interest in the Cannata Fees, the trial court ultimately denied the Cannata Fees in their entirety. As a result, there has been no "judgment or other fund-creating event" allowing for fee collection. *Id.* at ¶ 15:

> [T]he contingent nature of the contract emphasizes that appellant has no right to any fees unless funds are obtained. * * *
>
> Since judgment, settlement, or any other fund-creating event has not yet occurred in the *Kroger* case, appellant is premature in his attempts to assert his charging lien. As such, until judgment or like event, appellant has no interest in the subject matter of the litigation and intervention is inappropriate.

*Id.* at ¶ 15-16.

**{¶21}** We also agree with appellee that the right to the legal fees was adequately advocated by Cannata. Cannata initiated the request for fees more than a year prior to

appellants' request, and actively advocated for the Cannata Fees until the trial court's final denial and determination that the Receivership was terminated.

**{¶22}** Permissive intervention is governed by Civ.R. 24(B):

(B) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of this state confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

**{¶23}** Our analysis of intervention as a matter of right is in many respects applicable to the permissive intervention analysis here. There is no applicable statute or regulation involved. *Mancino,* 36 Ohio App.3d 219, 223-224, 523 N.E.2d 332 (8th Dist.1987); *Petty*, 165 Ohio App.3d 16, 2005-Ohio-6641, 844 N.E.2d 869, ¶ 9. The filing of a fee charging lien does not automatically confer a right of entitlement and there has been no fund creating event upon which to recover. *Id.* at ¶ 15.

**{¶24}** Civ.R. 24(B) also lists the factors of undue delay or prejudice to the rights of the original parties for the trial court's consideration. Appellants' delayed pursuit, culminating at a point when the Receiver petitioned to terminate the Receivership, and the primary lienholder had been subjected to a stay for several years, constituted an undue delay that prejudiced the rights of the other parties. *See, e.g., Heiney v. Godwin*, 9th Dist. Summit No. 21784, 2004-Ohio-2117. The collateral issue

of the validity of the alleged agreement between Cannata and Phillips is a matter that potentially may be adjudicated based on the agreement between the parties. That is particularly true here, where there was no recovery on which to lien.

{¶25}   Appellants' argument that the Receivership Order created a basis for intervention also fails.   The provision generally identifying who should receive notice of certain events does not provide standing to intervene.

## III.   CONCLUSION

{¶26}   We find that the trial court did not abuse its discretion in denying appellants' motion to intervene in this case.   The trial court's decision is affirmed.

It is ordered that appellees recover from appellants costs herein taxed.        The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

TIM McCORMACK, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR